654 N.W.2d 320 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Hondra SMITH, Defendant-Appellee.
Docket Nos. 120816, 120817, COA Nos. 221688, 233420.
Supreme Court of Michigan.
December 26, 2002.
On order of the Court, the application for leave to appeal from the December 28, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
Markman, J., states as follows:
The Court of Appeals concluded that (a) trial counsel was not ineffective for eliciting testimony that the complainant's father and stepmother have Human Papillomavirus, (b) trial counsel was not ineffective for failing to call defendant's other recent sexual partners, and (c) trial counsel was ineffective for not objecting to the introduction of the medical evidence and opening the door for questions about defendant's sexual relationships with the complainant's mother and stepmother. The prosecutor has appealed (c), but the defendant has not cross appealed (a) or (b). Therefore, the only issue before this Court is whether trial counsel was ineffective for not having objected to the introduction of the medical evidence. Because I believe that the Court of Appeals erred in concluding that trial counsel was ineffective on this basis, I would reverse the judgment of the Court of Appeals. Specifically, I believe that the Court of Appeals erred in concluding that defendant was prejudiced by trial counsel's failure to do pretrial research on HPV. I do not believe that it is reasonably probable that the trial outcome would have been different if counsel had done pretrial research on HPV. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); People v. Pickens, 446 Mich. 298, 314, 521 N.W.2d 797 (1994).
Counsel's failure in this regard did not cause the introduction of the defendant's and complainant's contrasting test results, and thus did not prejudice defendant. Even had trial counsel known that ten percent of males are asymptomatic, he might well not have objected to the introduction of this evidence because the facts that the complainant had HPV and that there was a ninety percent chance that *321 defendant did not are arguably quite favorable to defendant. Further, trial counsel probably could not have prevented this evidence from being introduced, even had he objected, because the court would likely have held that it was admissible to corroborate the young complainant's claim that she had had sexual intercourse with somebody.
Counsel's failure to do pretrial research on HPV also did not cause the introduction of evidence of defendant's sexual relationships with the complainant's stepmother and mother, and thus did not prejudice defendant. Regardless of one's knowledge about HPV, it would have been extremely difficult to exclude that evidence because it was defendant's relationship with the stepmother that explained defendant's presence with the complainant in the first place. Finally, trial counsel may have made an altogether defensible tactical choice to explore defendant's relationship with the complainant's mother in order to discredit her and to show that, even though she had been sexually intimate with defendant, she did not have HPV.
CORRIGAN, C.J., and YOUNG, JR., J., join in the statement of MARKMAN, J.